### Francis Cota *vs.* Bushrod Buck.

This instrument was held to be a negotiable note : March 13th 1840. For value received, I promise to pay J. P. or bearer $570, it being for property I purchased of him in value at this date, as being payable as soon as can be realized of the above amount for the said property I have this day purchased of said P., which is to be paid in the course of the season now coming.

Indebitatus assumpsit on the common money counts. Plea, the general issue. Trial in the court of common pleas.

The plaintiff, to maintain the issue on his part, offered in evidence the following instrument : " New Ashford, March 13th 1840. For value received, I promise to pay John Pero, or bearer, five hundred and seventy dollars and fifty cents, it being for property I purchased of him in value at this date, as being payable as soon as can be realized of the above amount for the said property I have this day purchased of said Pero, which is to be paid in the course of the season now coming.

" Bushrod Buck."

The defendant objected, that this instrument was not a negotiable note, and therefore could not be given in evidence by the plaintiff in this action brought in his own name. The court decided that said instrument was a negotiable note transferable by

delivery, and the same was given in evidence to the jury, who returned a verdict thereon for the plaintiff. The defendant alleged exceptions to said decision.

*Lanckton,* for the defendant, cited *Coolidge* v. *Ruggles,* 15 Mass. 387. Story on Bills, 57 – 60. Chit. on Bills, (Springfield ed. 1830,) 41, 42, 44, 48, & *notes.*

*Colt,* for the plaintiff. The note was payable at all events during the season of 1840, and was not payable out of a particular fund. *Haussoullier* v. *Hartsinck,* 7 T. R. 733. *Mackleod* v. *Snee,* 2 Ld. Raym. 1481. *Stevens* v. *Blunt,* 7 Mass. 240. *Pierson* v. *Dunlop,* Cowp. 571. But if the note were payable out of a particular fund, it was a fund in the defendant's power when the note was given. Such note is negotiable, though it may be otherwise in case of a bill of exchange. 1 Dane Ab. 384. Kyd on Bills, (Boston ed.) 50.

SHAW, C. J. The true test of the negotiability of a note seems to be, whether the undertaking of the promisor is to pay the amount at all events, at some time which must certainly come, and not out of a particular fund, or upon a contingent event. If it were payable on a contingency, or out of a particular fund, it would not be negotiable. This note, we think, was payable by the promisor at all events, and within a certain limited time. The note is obscurely written and ungrammatical. But we think the meaning was this; that the signer, for value received in the purchase of property, promised to pay Pero or bearer the sum named, as soon as the termination of the coming season, and sooner, if the amount could be sooner realized out of the fund. Such reference to the sale of the property was not to fix the fund from which it was to be paid, but the time of payment. The undertaking to pay was absolute, and did not depend on the fund. So as to the time, whatever time may be understood as the " coming season ; " whether harvest time or the end of the year, it must come by mere lapse of time, and that must be the ultimate limit of the time of payment.

*Exceptions overruled.*